THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALBERT SEMENZA, Appellant.

First Department, June 24, 1927.

Crimes — unlawfully and knowingly making false financial statement in violation of Penal Law, § 1293-b — error to prove excess in liabilities by book entries of creditors where no foundation was laid for proof.

On a prosecution for unlawfully and knowingly making a false financial statement in violation of section 1293-b of the Penal Law, it is error to admit in evidence book entries of creditors for the purpose of establishing the fact that the amount of debts specified in the defendant's statement was incorrect, where there is no preliminary proof offered justifying the admission of such evidence.  Book entries can only be admitted under special circumstances and where a proper foundation is laid therefor.

APPEAL by the defendant, Albert Semenza, from a judgment of the Court of Special Sessions of the City of New York, rendered on the 13th day of December, 1926, convicting him of the crime of unlawfully and knowingly making a false statement in violation of section 1293-b of the Penal Law (added by Laws of 1912, chap. 340, as amd. by Laws of 1921, chap. 306).

*Ralph E. Hemstreet* of counsel [*Prentiss & Moore*, attorneys], for the appellant.

*Edwin B. McGuire, Deputy Assistant District Attorney*, of counsel [*Joab H. Banton, District Attorney*], for the respondent.

McAVOY, J.  The defendant was convicted in the Court of Special Sessions of the crime of unlawfully and knowingly making a false financial statement and was sentenced to imprisonment for that crime.

The proof under which he was convicted shows that the defendant was the proprietor of a paint shop at Barrow street and Seventh avenue, borough of Manhattan, city of New York, where he had

First Department, June, 1927.                    [Vol. 221

been engaged in the retail paint business for twenty years. In August, 1924, a man arrived at his place of business, who was a representative of a credit association of the paint trade, and invited him to give the association a statement of his financial status. This representative had a printed form of items of questions to which answers were required to be given. The credit association's representative read off the questions and wrote down the answers as defendant gave them, and defendant signed the paper and it was then taken away by the credit association's employee. It was received in evidence and it is the basis of the charge of commission of the crime. The defendant gave these answers to the witness from memory. He took no inventory nor was he asked to take one. Nor was there any reference made to his books. The only false statement that is said to be contained in this list of answers was that defendant's accounts payable amounted to $5,100, whereas, as a matter of fact on the day of the statement, August 12, 1924, he owed his creditors the sum of $7,901.

It is conceded that his statement with respect to his total assets amounting to $22,400 was correct. The People attempted to prove that the statement listing the accounts payable at $5,100 was false by five witnesses representing wholesale dealers in the paint trade, who testified that the defendant at the time he made the statement owed their employers sums of money that totaled more than the amount of $5,100. No person was called who knew the facts with reference to these transactions. The proof was made through the medium of book entries. There was no foundation laid for the use of these books either to refresh the recollections of the witnesses as to transactions in which they had participated, or to introduce the books as evidence of the debts themselves. No doctrine of evidence permitting the use of the entries in a book as evidence of the facts they record was followed, such as the shop book rule employed in civil causes. A book entry is not proof if better proof can be had. Although it is not possible to prove the existence of the fact except by a book entry recording it, it is still no proof unless it is first shown to be reliable, trustworthy and probably true by evidence other than the record itself which lays the foundation for its acceptance.

The use of book entries as primary evidence is made competent where they are shown to have been made with such automatic regularity and truthfulness by the accountants who kept them or who made the entries as to indicate verity in themselves. Where the book entries have been admitted for proof of the fact recorded by them in the civil courts, such proof has been regulated and restricted by insisting upon the necessity for a proper foundation

by proof of what is called in the cases certain administrative details, which are generally recognized as giving accuracy and trustworthiness to the entries therein made.   None of these necessary proofs for admitting the book entries themselves were required to be made by the court below.

The proof, therefore, lacked the necessary foundation in these respects.   It was not shown that direct evidence of the transactions resulting in the debts could not be produced.   No testimony was had as to when the book entries were made nor as to how the book entries which were offered in evidence were compiled.   They were not shown to have been kept in the regular course of business according to any adopted system.   The books were not shown to have been original entry books, and may have been transcripts of others.   There was no proof that any of the goods, the subject of the debts, were ever ordered or delivered or that they were of the value fixed, or that there was any agreement about the prices charged by the entries.   That the books were reliable and probably correct was not shown by any person who ever settled according to their terms.   The record is entirely barren of any evidence that the financial statement made a part of the information and alleged to be untrue was in fact false.   The information should, therefore, have been dismissed and the defendant discharged.

The judgment should be reversed and the information dismissed.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and information dismissed.   Settle order on notice.